FILED
2016 Aug-02  PM 05:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARGARET POPLIN;** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **JACKSONVILLE STATE UNIVERSITY;** | ) | |
| **J. SETH JOHNSON; J.E. WADE;** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

**JURISDICTION**

1.      The plaintiff claims, in part, that the acts and/or omissions of the defendants, jointly and severally, proximately resulted in the plaintiff being wrongfully denied her rights under the Fourth Amendment to the Constitution of the United States, and that the acts and/or omissions of the defendants are violative of the plaintiff's rights and privileges as secured by the provisions of 42 U.S.C. §1983,  as more fully set forth herein.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

**PARTIES**

2.      Plaintiff, Margaret Poplin, is over the age of nineteen (19) years and a resident citizen of Alabama.

3.      Defendant Jacksonville State University ("JSU") is a public educational institution located in Jacksonville, Alabama.

4.     Defendant J.E. Wade, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.  Defendant J.E. Wade is the Dean of the College of Arts and Science at Jacksonville State University.

5.     Defendant J. Seth Johnson, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.  Defendant J. Seth Johnson is the head of the Art Department at Jacksonville State University.

6.     Fictitious Defendants A-Z are those entities or individuals who participated in the oversight of Defendants, or who actively concealed the behavior of Defendants.

## Facts

7.     Plaintiff was employed by Defendant JSU as an art professor.  Plaintiff maintained an office and taught all of her classes in Hammond Hall on Defendant JSU's campus.

8.     During her employment with Defendant JSU, Plaintiff experienced numerous sinus infections and other related health issues.

9.     In late 2014, Plaintiff's health problems became worse and she consulted her doctor and explained to him about the numerous water leaks in Hammond Hall, and the recent discovery of mold in her office and her studio.  Her doctor recommended that she change offices to remove herself from the leaks and mold.

10.     During a faculty meeting of the Art Department, Plaintiff brought up the leaks and mold with the rest of the faculty.  She was told by Defendant J. Seth Johnson that she did not need to push the issue, or faculty would lose their jobs.

11.     Plaintiff approached Defendant Johnson regarding moving her office and classes; he

agreed to accommodate the request. Additionally, Plaintiff met with Human Resources to discuss the problems in the building and with her health. Based on this meeting, Human Resources ordered air quality testing be performed in Hammond Hall.

12.     After her meeting with Human Resources, Defendant Johnson approached Plaintiff and advised her that Defendant Wade "did not like surprises."

13.     After the air quality testing was done in Hammond Hall, Defendant Johnson informed Plaintiff that they felt the levels of mold in the building were acceptable and her classes would not be moved, but that her request to move offices would still go forward.

14.     Plaintiff's health continued to worsen and she was forced to seek disability leave.

15.     Shortly after Plaintiff was forced to resign her teaching position, Defendant JSU performed extensive renovations at Hammond Hall including replacing the HVAC units for the building and remediating mold in the studio.

16.     Plaintiff made a claim to Defendant JSU, however her claim was denied. As a result of the exposure to the mold in Hammond Hall, Plaintiff has been harmed.

## COUNT ONE - OUTRAGE

17.     Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

18.     Defendants' conduct was extreme and outrageous.

19.     Defendants' conduct was done intentionally or recklessly in a manner which a reasonable person would not be able to endure.

20.     As a result of Defendants' actions, Plaintiff was harmed.

## COUNT TWO - NEGLIGENCE/WANTONNESS

21.     Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

22.     Defendants owed duties to Plaintiff.

23.     Defendants breached their duties.

24.     As a result of Defendants' breach, Plaintiff was harmed.

## COUNT THREE - SUPPRESSION

25.     Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

26.     Defendants willfully, wantonly, fraudulently or recklessly suppressed material facts from Plaintiffs including, but not limited to, that Hammond Hall had extensive water leaks, the HVAC system was antiquated and leaked, and mold was present in the building.

27.     Defendants suppressed and concealed this information from Plaintiff.

28.     Defendants had a duty to disclose to Plaintiff the material facts set forth above under the circumstances.

29.     Defendants had superior knowledge of the facts and had a means of knowledge and expertise not shared by Plaintiffs and, therefore, Defendants had a duty to disclose to Plaintiffs the material facts set forth above.

30.     Defendants suppressed and concealed material facts from Plaintiffs in order to prevent Plaintiff from quitting her job. Without knowledge of the foregoing material facts, Plaintiffs acted to their injury by continuing to work and becoming sick.

31.    The actions of Defendants constitute suppression of material facts pursuant to Ala. Code § 6-5-102 (1975).

32.    As a proximate result of the above described suppression, Plaintiff has suffered direct and consequential damages as set forth in the above Statement of Facts.

**COUNT FOUR - FOURTH AMENDMENT; 42 U.S.C. § 1983**

33.    Plaintiff realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

34.    The conduct of Defendants, jointly and severally caused and constituted a deprivation of Plaintiff's rights and privileges as secured by the provisions of 42 U.S.C. § 1983.

35.    The conduct of said Defendants, jointly and severally, was done under color of law of the State of Alabama.

36.    As a result of Defendants' actions, Plaintiff was harmed.

**WHEREFORE**, Plaintiff demands judgment against said Defendants, jointly and severally, for the following:

       (a)    Compensatory damages;

       (b)    Damages for medical and psychological treatment;

       (c)    Damages for lost wages;

       (d)    Punitive damages in an amount necessary to punish Defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

       (e)    For the costs of this lawsuit, to include reasonable attorney's fees and all other costs of litigation, including, but not limited to, such costs and expenses as

expert fees, pursuant to 42 U.S.C. § 1988; and

(f)    Such further, different, other and equitable relief to which she is or may be

entitled.

Dated: August 2, 2016

**JURY DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted:

s/H. Arthur Edge, III
H. Arthur Edge, III (EDG004)
ASB-8927-D64H
Attorney for Plaintiff

**OF COUNSEL:**
H. ARTHUR EDGE, III, PC
2021 Morris Avenue, Suite 300
Birmingham, Alabama 35203
(205)453-0322 telephone
(205)453-0326 facsimile
art@edgelawyers.com

**SERVE VIA CERTIFIED MAIL:**

**JACKSONVILLE STATE UNIVERSITY**
**700 PELHAM ROAD NORTH**
**JACKSONVILLE, ALABAMA 36265**

**J. SETH JOHNSON**
**JACKSONVILLE STATE UNIVERSITY**
**700 PELHAM ROAD NORTH**
**JACKSONVILLE, ALABAMA 36265**

**J.E. WADE, DEAN OF THE COLLEGE OF ARTS & SCIENCE**
**JACKSONVILLE STATE UNIVERSITY**
**700 PELHAM ROAD NORTH**
**JACKSONVILLE, ALABAMA 36265**